UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALEX RAINS, #238846,

        Plaintiff,

                                       CASE NO. 2:13-CV-14515
v.                                   HONORABLE VICTORIA A. ROBERTS

DAPHNE CURTIS, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

Michigan prisoner Alex Rains ("Plaintiff")  filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff was granted leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1).  Plaintiff alleges that he mailed unidentified pleadings to state courts, but those pleadings have not been properly filed or returned to him.  He asserts that this denies him his constitutional rights to equal protection, due process, and access to the courts.  He names several Wayne County judges and court employees as defendants and sues them in their individual and official capacities.  He seeks declaratory and injunctive relief, and monetary damages.

The Court concludes Plaintiff's complaint must be summarily dismissed for failure to state a claim upon which relief may be granted and on the basis of immunity.  The Court also concludes that an appeal from this decision cannot be taken in good faith.

### II.  DISCUSSION

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it concludes that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C.

§ 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57

(1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Mere negligence is not actionable under § 1983.

Plaintiff does not set forth facts indicating that the defendants' conduct was intentional in the constitutional sense. Conclusory allegations are insufficient to state a federal civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57.

Plaintiff asserts a violation of his equal protection rights. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government intentionally treated similarly situated people in a different manner. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff's claim that the defendants denied him equal protection lacks factual support. Prisoners are not members of a protected class for equal protection purposes, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and Plaintiff fails to indicate with any specificity how he was treated differently from others similarly situated. As noted, conclusory allegations are insufficient to state a civil rights claim. Plaintiff fails to state an equal protection claim.

Plaintiff alleges a violation of his due process rights. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir.1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by

3

arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). He fails to state a due process claim. Plaintiff's conclusory allegations, without factual support, are insufficient under § 1983.

Plaintiff asserts that he has been denied access to the courts. Prisoners have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Additionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992). Plaintiff does not identify the type of pleadings that he mailed to the state courts, nor does he allege facts to show that the defendants received his pleadings and intentionally refused to file them. He thus fails to state a denial of access to the courts claim in his Compliant.

Plaintiff's claims are also subject to dismissal on the basis of immunity. First, the defendants are entitled to sovereign immunity on Plaintiff's claims for damages against them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity

4

when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (Dec. 6, 2010). Eleventh Amendment immunity applies to state employees, *i.e.*, the defendant judges and court employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). The defendants are entitled to Eleventh Amendment immunity.

Second, the defendants are entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (two court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to quasi-judicial immunity); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit); *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 873 (E.D. Mich. 2008) (adopting magistrate judge's report). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et*

*al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's allegations regarding his court pleadings involve the performance of judicial and quasi-judicial duties. The defendants are entitled to absolute immunity.

### III.  CONCLUSION

Plaintiff failed to state a claim upon which relief may be granted, and defendants are entitled to Eleventh Amendment and judicial immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 20, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Alex Rains by electronic means or U.S. Mail on November 20, 2013.

S/Carol A. Pinegar
Deputy Clerk

6